Slip Op. 23-67

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **BIOPARQUES DE OCCIDENTE, S.A. DE C.V., AGRICOLA LA PRIMAVERA, S.A. DE C.V., AND KALIROY FRESH LLC,**<br><br>Plaintiffs,<br><br>**CONFEDERACION DE ASOCIACIONES AGRICOLAS DEL ESTADO DE SINALOA, A.C., CONSEJO AGRICOLA DE BAJA CALIFORNIA, A.C., ASOCIACION MEXICANA DE HORTICULTURA PROTEGIDA, A.C., ASOCIACION DE PRODUCTORES DE HORTALIZAS DEL YAQUI Y MAYO, AND SISTEMA PRODUCTO TOMATE,**<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant,<br><br>and<br><br>**THE FLORIDA TOMATO EXCHANGE,**<br><br>Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge<br><br>Consol. Court No. 19-00204 |

# OPINION AND ORDER

[Granting in part and denying in part Defendant's motion to dismiss and granting in part and denying in part Defendant-Intervenor's motion to dismiss.]

Dated: May 1, 2023

Jeffrey M. Winton, Michael J. Chapman, Amrietha Nellan, Ruby Rodriguez, and Vi N. Mai, Winton & Chapman PLLC, of Washington, D.C., for Plaintiffs Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V., and Kaliroy Fresh LLC.

Bernd G. Janzen, Devin S. Sikes, Paul Bettencourt, and Yujin K. McNamara, Akin, Gump, Strauss, Hauer & Feld, LLP, of Washington, D.C., for Consolidated Plaintiffs Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C., Consejo Agricola de Baja California, A.C., Asociacion Mexicana de Horticultura Protegida, A.C., Asociacion de Productores de Hortalizas del Yaqui y Mayo, and Sistema Producto Tomate.

Douglas G. Edelschick, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With him on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Franklin E. White, Jr., Assistant Director. Of counsel was Emma T. Hunter, Assistant Chief Counsel, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Robert C. Cassidy, Jr., Charles S. Levy, Chase J. Dunn, James R. Cannon, Jr., Mary Jane Alves, Jonathan M. Zielinski, and Nicole Brunda, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for Defendant-Intervenor The Florida Tomato Exchange.

Choe-Groves, Judge: Plaintiffs Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V., and Kaliroy Fresh LLC (collectively, "Plaintiffs") filed three complaints challenging the final determination made in the antidumping duty investigation of fresh tomatoes from Mexico conducted by the

U.S. Department of Commerce ("Commerce"), Fresh Tomatoes from Mexico ("Final Determination"), 84 Fed. Reg. 57,401 (Dep't of Commerce Oct. 25, 2019) (final determination of sales at less than fair value): (1) Bioparques de Occidente, S.A. de C.V. v. United States, Court No. 19-00204; (2) Bioparques de Occidente, S.A. de C.V. v. United States, Court No. 19-00210; and (3) Bioparques de Occidente, S.A. de C.V. v. United States, Court No. 20-00035. The Court consolidated these cases and the related case Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C. v. United States, Court No. 19-00203. Order (Sept. 1, 2022) ("Consolidation Order"), ECF No. 63.

Before the Court are Defendant's Motion to Dismiss filed by Defendant United States ("Defendant") and Defendant-Intervenor's Motion to Dismiss filed by Defendant-Intervenor The Florida Tomato Exchange ("Defendant-Intervenor"), both seeking dismissal under USCIT Rule 12(b)(1) for lack of subject matter jurisdiction. Def.'s Mot. Dismiss ("Def.'s Br."), ECF No. 65; Def.-Interv.'s Mot. Dismiss ("Def.-Interv.'s Br."), ECF No. 66. Plaintiffs filed Plaintiffs' Response to Motion to Dismiss in opposition. Pls.' Resp. Mot. Dismiss ("Pls.' Resp."), ECF No. 67. Defendant filed Defendant's Reply in Support of Motion to Dismiss and Defendant-Intervenor filed Defendant-Intervenor's Reply in Support of its Motion to Dismiss. Def.'s Reply Supp. Mot. Dismiss ("Def.'s Reply"), ECF No. 68; Def.-Interv.'s Reply Supp. Mot. Dismiss ("Def.-Interv.'s Reply"), ECF No. 69.

Plaintiffs filed Plaintiffs' Sur-Reply to Defendant and Defendant-Intervenor's Replies in Support of Motion to Dismiss. Pls.' Sur-Reply Replies Supp. Mot. Dismiss ("Pls.' Sur-Reply"), ECF No. 72. Plaintiffs also filed Plaintiffs' Notice of Supplemental Authority following the Court's ruling in Goodluck India, Ltd. v. United States, 46 CIT __, 2022 Ct. Intl. Trade LEXIS 133 (Dec. 1, 2022). Pls.' Notice Supp. Auth., ECF No. 78. For the reasons that follow, Defendant's Motion to Dismiss and Defendant-Intervenor's Motion to Dismiss are granted in part and denied in part.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history set forth in its prior Order and Opinion and recounts the facts relevant to the Court's review of the pending motions to dismiss. See Bioparques de Occidente, S.A. de C.V. v. United States, 44 CIT __, __, 470 F. Supp. 3d 1366, 1368–70 (2020).

### I.    Antidumping Duty Investigation and Suspension Agreements

In April 1996, Commerce initiated an antidumping duty investigation to determine whether imports of fresh tomatoes from Mexico were being, or were likely to be, sold in the United States at less than fair value. Fresh Tomatoes from Mexico, 61 Fed. Reg. 18,377 (Dep't of Commerce Apr. 25, 1996) (initiation of antidumping duty investigation). After an affirmative preliminary injury determination from the International Trade Commission, Commerce made a

preliminary determination that imports of fresh tomatoes from Mexico were being sold in the United States at less than fair value.  Fresh Tomatoes from Mexico, 61 Fed. Reg. 56,608 (Dep't of Commerce Nov. 1, 1996) (notice of preliminary determination of sales at less than fair value and postponement of final determination).  Concurrent with Commerce's preliminary determination, Commerce published a notice in the Federal Register announcing an agreement under 19 U.S.C. § 1673c(c) with certain producers and exporters who accounted for substantially all of the imports of fresh tomatoes from Mexico into the United States to suspend the antidumping duty investigation on fresh tomatoes from Mexico.  Fresh Tomatoes from Mexico, 61 Fed. Reg. 56,618 (Dep't of Commerce Nov. 1, 1996) (suspension of antidumping investigation).  Between 1996 and 2013, Commerce and the producers and exporters of tomatoes from Mexico entered into three further suspension agreements.  See Fresh Tomatoes from Mexico, 67 Fed. Reg. 77,044 (Dep't of Commerce Dec. 16, 2002) (suspension of antidumping investigation); Fresh Tomatoes from Mexico, 73 Fed. Reg. 4831 (Dep't of Commerce Jan. 28, 2008) (suspension of antidumping investigation); Fresh Tomatoes from Mexico ("2013 Suspension Agreement"), 78 Fed. Reg. 14,967 (Dep't of Commerce Mar. 8, 2013) (suspension of antidumping investigation).

      Commerce gave notice to the signatory growers on February 6, 2019 of Commerce's intent to withdraw from the 2013 Suspension Agreement.  Fresh

Tomatoes from Mexico, 84 Fed. Reg. 7872 (Dep't of Commerce Mar. 5, 2019) (intent to terminate suspension agreement, rescind the sunset and administrative reviews, and resume the antidumping duty investigation); Fresh Tomatoes from Mexico ("May 2019 Withdrawal Notice"), 84 Fed. Reg. 20,858 (Dep't of Commerce May 13, 2019) (termination of suspension agreement, rescission of administrative review, and continuation of the antidumping duty investigation). Commerce withdrew from the 2013 Suspension Agreement on May 7, 2019 and resumed the underlying antidumping investigation. May 2019 Withdrawal Notice, 84 Fed. Reg. at 20,860.

Commerce published on September 24, 2019 a notice that a new Suspension Agreement had been reached between Commerce and the signatory parties and that the antidumping duty investigation had been suspended. Fresh Tomatoes from Mexico ("2019 Suspension Agreement"), 84 Fed. Reg. 49,987, 49,989 (Dep't of Commerce Sept. 24, 2019) (suspension of antidumping duty investigation). The International Trade Commission subsequently announced the suspension of its antidumping investigation. Fresh Tomatoes from Mexico, 84 Fed. Reg. 54,639 (Int'l Trade Comm'n Oct. 10, 2019) (suspension of antidumping investigation).

Commerce published its final determination in the continued investigation on October 25, 2019, determining that fresh tomatoes from Mexico were being, or were likely to be, sold in the United States at less than fair value. Final

Determination, 84 Fed. Reg. at 57,402. The International Trade Commission issued an affirmative injury determination on December 12, 2019. Fresh Tomatoes from Mexico, 84 Fed. Reg. 67,958 (Int'l Trade Comm'n Dec. 12, 2019).

## II. Litigation

Plaintiffs filed three separate actions challenging Commerce's continued investigation and the Final Determination, beginning with filing the Summons in Court Number 19-00204 on November 22, 2019 and in Court Number 19-00210 on December 3, 2019. Summons, ECF No. 1; Summons, Court No. 19-00210, ECF No. 1. Plaintiffs filed the Complaint in Court Number 19-00204 on December 20, 2019 and the Complaint in Court Number 19-00210 on December 23, 2019. Compl., ECF No. 9; Compl., Court No. 19-00210, ECF No. 9. Plaintiffs filed the Summons and Complaint concurrently in Court Number 20-00035 on February 5, 2020. Summons, Court No. 20-00035, ECF No. 1; Compl., Court No. 20-00035, ECF No. 4.

Plaintiffs allege ten causes of action.[1] See Am. Compl. at 6–8; Am. Compl. at 6–8, Court No. 19-00210; Compl. at 6–7, Court No, 20-00035. Specifically, Plaintiffs challenge as unlawful Commerce's withdrawal from the 2013

---

[1] Though otherwise identical to the claims asserted in Court Numbers 19-00204 and 19-00210, Plaintiffs' Complaint in Court Number 20-00035 does not include a count 10. See Compl. at 7, Court No. 20-00035.

Suspension Agreement (claim 1(a)); Commerce's resumption of the suspended antidumping duty investigation (claims 1(a) and 1(c)); Commerce's ending of the investigation into the respondents that were the subject of Commerce's 1996 preliminary determination and selection of new respondents for the continued investigation (claim 2); the procedures Commerce followed in the resumed investigation (claim 3); and the correctness of certain aspects of the Final Determination (claims 4–10). Am. Compl. at 6–8; Am. Compl. at 6–8, Court No. 19-00210; Compl. at 6–7, Court No, 20-00035. In all, Plaintiffs ask the Court to declare as unlawful and vacate Commerce's withdrawal from the 2013 Suspension Agreement and the subsequent Final Determination. Am. Compl. at 8; Am. Compl. at 8, Court No. 19-00210; Compl. at 7, Court No, 20-00035.

Defendant filed motions to dismiss pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction and USCIT Rule 12(b)(6) for failure to state a claim upon which relief can be granted in each of the cases. Def.'s Mot. Dismiss, ECF No. 30; Def.'s Mot. Dismiss, Court No. 19-00210, ECF No. 31; Def.'s Mot. Dismiss, Court No. 20-00035, ECF No. 20. The Court granted the motions and dismissed Plaintiffs' claims with prejudice. Bioparques de Occidente, S.A. de C.V., 44 CIT at __, 470 F. Supp. 3d at 1373.

### III.　Appeal

Plaintiffs appealed the Court's judgment to the U.S. Court of Appeals for the Federal Circuit ("CAFC").  Pls.' Notice of Appeal, ECF No. 47.  The CAFC affirmed in part and remanded in part.  <u>Bioparques de Occidente, S.A. de C.V. v. United States</u>, 31 F.4th 1336, 1343–48 (Fed. Cir. 2022).  The CAFC affirmed the dismissal of Plaintiffs' claims challenging the termination of the 2013 Suspension Agreement and the negotiation of the 2019 Suspension Agreement.  <u>Id.</u> at 1343.  The CAFC also held that because the <u>Final Determination</u> constituted as "an affirmative final determination in a continued investigation that involves exports from [a free trade agreement] country"[2] and is reviewable under 19 U.S.C. § 1516a(g)(3)(A)(i), the Court has jurisdiction to consider Plaintiffs' challenges to the <u>Final Determination</u> under 28 U.S.C. § 1581(c).  <u>Id.</u> at 1346–48.

On remand, the Court consolidated Plaintiffs' three cases with the related case <u>Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C.</u>, Court

---

[2] Mexico is a "free trade area country."  At the time Plaintiffs filed their Complaint in January 2020, "free trade area country" included "Mexico for such time as the [North American Free Trade Agreement ("NAFTA")] is in force with respect to, and the United States applies the NAFTA to, Mexico."  19 U.S.C. § 1516a(f)(8), (10) (2006).  The statute was amended following the replacement of the NAFTA with the United States-Mexico-Canada Agreement ("USMCA") to define "free trade area country" to include "Mexico for such time as the USMCA is in force with respect to, and the United States applies the USMCA to, Mexico."  19 U.S.C. § 1516a(f)(9) (2020).

No. 19-00203. Consolidation Order. Plaintiffs filed Amended Complaints on September 1, 2022 in Court Numbers 19-00204 and 19-00210. Am. Compl., ECF No. 64; Am. Compl., Court No. 19-00210, ECF No. 69.

## STANDARD OF REVIEW

To adjudicate a case, a court must have subject-matter jurisdiction over the claims presented. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); USCIT R. 12(h)(3). "[I]f the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate." Airport Road Ass., Ltd. v. United States, 866 F.3d 1346, 1351 (Fed. Cir. 2017) (quoting Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002)). The party asserting a claim bears the burden of establishing subject-matter jurisdiction, see Wanxiang Am. Corp. v. United States, 12 F.4th 1369, 1373 (Fed. Cir. 2021), and must allege sufficient facts to establish jurisdiction, see DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006). In deciding a motion to dismiss for lack of jurisdiction, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). For purposes of

establishing jurisdiction, "[s]ubstance, not form, is controlling." <u>Williams v. Sec'y of the Navy</u>, 787 F.2d 552, 557 (Fed. Cir. 1986).

## DISCUSSION

### I.    Asserted Claims and Jurisdictional Grounds

Plaintiffs assert virtually identical claims in Court Numbers 19-00204, 19-00210, and 20-00035.  <u>See</u> Am. Compl. at 6–8; Am. Compl. at 6–8, Court No. 19-00210; Compl. at 6–7, Court No, 20-00035.  Each case asserts a different ground for the Court's jurisdiction.  In Court Number 19-00204, Plaintiffs assert that the:

> action is commenced pursuant to Sections 516A(a)(2)(A) and (B)(iv) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A) and (B)(iv).  Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

Am. Compl. at 2.  In Court Number 19-00210, Plaintiffs assert that the:

> action is commenced pursuant to Section 516A(g)(3)(A)(i) of the Act, 19 U.S.C. § 1516a(g)(3)(A)(i), which permits review of final determinations by Commerce in cases involving North American Free Trade Agreement ("NAFTA") countries when review by a binational panel has not been requested.  Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

Am. Compl. at 2, Court No. 19-00210.  In Court Number 20-00035, Plaintiffs assert that:

> Except to the extent that the Court has jurisdiction over the claims set forth in this Complaint in Plaintiffs' pending actions under 28 U.S.C. [§] 1581(c), the Court has subject matter jurisdiction under 28 U.S.C. § 1581(i), which confers upon this Court exclusive jurisdiction of a civil action arising under a law providing for the administration of tariffs and duties.

Compl. at 1–2, Court No. 20-00035.

28 U.S.C. § 1581(c) provides the Court with jurisdiction over civil actions commenced under 19 U.S.C. § 1516a(a) and 19 U.S.C. § 1516a(g). 28 U.S.C. § 1581(c). 19 U.S.C. § 1516a(a) makes reviewable by the U.S. Court of International Trade final administrative determinations by Commerce in antidumping duty and countervailing duty investigations. 19 U.S.C. § 1516a(a). 19 U.S.C. § 1516a(g) makes reviewable by the U.S. Court of International Trade final administrative determinations by Commerce in antidumping duty and countervailing duty investigations involving free trade area countries when no country requests review by a binational panel. Id. § 1516a(g).

28 U.S.C. § 1581(i) provides the Court with residual jurisdiction over claims that are not covered by another subsection of 28 U.S.C. § 1581. 28 U.S.C. § 1581(i). The Court may not invoke jurisdiction under § 1581(i) "when jurisdiction under another subsection of § 1581 is or *could have been available*, unless the remedy provided under that other subsection would be manifestly inadequate." Erwin Hymer Grp. N. Am., Inc. v. United States, 930 F.3d 1370,

1374–75 (Fed. Cir. 2019) (quoting Ford Motor Co. v. United States, 688 F.3d 1319, 1323 (Fed. Cir. 2012) (emphasis in original)). When jurisdiction is asserted under 28 U.S.C. § 1581(i), the party asserting the claim also "bears the burden of showing that another subsection is either unavailable or manifestly inadequate." Id. at 1375 (citing Sunpreme Inc. v. United States, 892 F.3d 1186, 1191 (Fed. Cir. 2018)).

## II.      Claims 1(a) and 1(c)

Claims 1(a) and 1(c) in each of the cases assert that Commerce lacked authority to resume or continue its investigation because "the U.S. domestic industry had withdrawn the petition that led to the investigation and subsequent suspension agreements in 2012" and "the deadline for requesting the continuation of the suspended investigation expired in 1996, within 20 days after the publication of Commerce's notice of suspension of the agreement." Am. Compl. at 6–7; Am. Compl. at 6–7, Court No. 19-00210; Compl. at 6, Court No, 20-00035.

Among the types of determinations reviewable under § 1581(c) are determinations "to suspend an antidumping duty or a countervailing duty investigation." 19 U.S.C. § 1516a(A)(2)(B)(iv). Because claims 1(a) and 1(c) challenge Commerce's authority to continue or resume the antidumping duty investigation on fresh tomatoes from Mexico following the termination of the 2013 Suspension Agreement, the Court has jurisdiction to consider the claims under

§ 1581(c).  The Court cannot simultaneously assert jurisdiction over § 1581(i) claims and therefore dismisses claims 1(a) and 1(c) in Court Number 20-00035.

Defendant contends that claims 1(a) and 1(c) are precluded by the CAFC's holding in Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C. v. United States ("CAADES"), 32 F.4th 1130 (Fed. Cir. 2022).  Def.'s Br. at 13–14 (citing CAADES, 32 F.4th at 1145).  In CAADES, the CAFC considered a challenge to Commerce's continuation of the antidumping duty investigation under the 2013 Suspension Agreement.  CAADES, 32 F.4th at 1145.  The CAFC held that "[t]here is no independent jurisdiction" to consider challenges to "Commerce's resumption of the antidumping investigation following the 2013 agreement's termination."  Id.  Relying on its holding in CAADES, the CAFC clarified in the related case Jem D International Michigan Inc. v. United States, 2022 U.S. App. LEXIS 10044 (Fed. Cir. Apr. 14, 2022), that the Court "has no jurisdiction over such an interim challenge *except as part of a challenge to a final determination*."  Jem D Int'l Michigan Inc., 2022 U.S. App LEXIS 10044, at *4 (emphasis added).

Viewed in totality, Plaintiffs' Amended Complaints in Court Numbers 19-00204 and 19-00210 and Complaint in Court Number 20-00035 are challenges to the Final Determination.  Am. Compl. at 6–8; Am. Compl. at 6–8, Court No. 19-00210; Compl. at 5–7, Court No. 20-00035.  For example, claims 4 through 10 challenge Commerce's calculations and methodology in reaching the Final

Determination.  Am. Compl. at 7–8; Am. Compl. at 7–8, Court No. 19-00210; Compl. at 7, Court No. 20-00035.  Because Plaintiffs are challenging Commerce's Final Determination, the Court may consider Plaintiffs' challenges to Commerce's interim decision to resume or continue the investigation under claims 1(a) and 1(c).

### III.  Claim 1(b)

Claim 1(b) in each of the cases asserts that:

> Commerce's purported withdrawal from the 2013 Suspension Agreement was legally invalid, because the statute and Commerce's own regulations require Commerce to make certain findings before it is authorized to withdraw from a suspension agreement, and Commerce did not make any of those findings in this case.

Am. Compl. at 6; Am. Compl. at 6–7, Court No. 19-00210; Compl. at 6, Court No. 20-00035.

On appeal, the CAFC ruled that because Commerce's determination to terminate a suspension agreement is not reviewable under 19 U.S.C. § 1516a(a) or (g), jurisdiction to consider challenges to Commerce's withdrawal from the 2013 Suspension Agreement exists under the residual jurisdiction provision of 28 U.S.C. § 1581(i).  CAADES, 32 F.4th at 1138.  Because the CAFC has held that the Court has jurisdiction over claim 1(b) under § 1581(i), jurisdiction cannot simultaneously exist under § 1581(c).  Claims 1(b) in Court Numbers 19-00204 and 19-00210 are dismissed.

Though the Court has jurisdiction to consider claim 1(b) in Court Number 20-00035 under § 1581(i), the CAFC has already resolved the merits of the claim. In CAADES, the CAFC considered materially identical challenges to Commerce's ability to terminate the 2013 Suspension Agreement and to enter into the 2019 Suspension Agreement. Id. at 1138–43.  The CAFC concluded "that there is no plausible claim upon which" relief could be granted.  Id. at 1143.  The CAFC held that the CAADES holding controlled in its consideration of this case and concluded that Plaintiffs' challenges to the termination of the 2013 Suspension Agreement and negotiation of the 2019 Suspension Agreement must be dismissed. Bioparques de Occidente, S.A. de C.V, 31 F.4th at 1343.  Plaintiffs concede that the CAFC dismissed claim 1(b) on substantive grounds.  Pls.' Resp. at 3–4.  The Court, therefore, dismisses claim 1(b) in Court Number 20-00035.

### IV.   Claims 2 Through 10

The three consolidated cases before the Court raise multiple challenges to the methodology used by Commerce in the Final Determination.  Am. Compl. at 7–8; Am. Compl. at 7–8, Court No. 19-00210; Compl. at 6–7, Court No. 20-00035. Count 2 argues that Commerce improperly ceased its investigation of the original respondents that were examined and were the subject of the 1996 preliminary determination and examined new respondents in the resumed investigation that had not participated in the preliminary phase of the investigation, including Plaintiffs.

Am. Compl. at 7; Am. Compl. at 7, Court No. 19-00210; Compl. at 6, Court No. 20-00035. Count 3 alleges that Commerce failed to abide by applicable deadlines and procedures during the resumed investigation and denied the newly added respondents' due process rights. Am. Compl. at 7; Am. Compl. at 7, Court No. 19-00210; Compl. at 6, Court No. 20-00035. Counts 4 through 10 challenge aspects of the calculation methodology used by Commerce in the Final Determination. Am. Compl. at 7–8; Am. Compl. at 7–8, Court No. 19-00210; Compl. at 6–7, Court No. 20-00035.

In considering the facts of this case, the CAFC held that "an affirmative final determination in a continued investigation that involves exports from [a free trade agreement] country is reviewable under § 1516a(g)(3)(A)(i) as a determination under § 1516a(a)(2)(B)(i), which provides the Trade Court jurisdiction under 28 U.S.C. § 1581(c)." Bioparques de Occidente, S.A. de C.V., 31 F.4th at 1346–48. The Court concludes that jurisdiction exists under § 1581(c) for claims 2 through 10 challenging the Final Determination. Because jurisdiction under § 1581(i) is improper, counts 2 through 9 in Court Number 20-00035 are dismissed.

## CONCLUSION

In summary, the Court concludes that jurisdiction exists over claims 1(a), 1(c), and 2 through 10 under 28 U.S.C. § 1581(c). Jurisdiction exists over claim 1(b) under 28 U.S.C. § 1581(i). Because the CAFC affirmed the dismissal of

Case 1:20-cv-00035-JCG   Document 48   Filed 05/01/23   Page 18 of 19

Consol. Court No. 19-00204                                                                    Page 18

claim 1(b) based on Plaintiffs' failure to state a claim on which relief could be granted, claim 1(b) is dismissed.  For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 65, is granted in part (claims 1(b) in Court Numbers 19-00204 and 19-00210 and claims 1(a), 1(c), and 2 through 9 in Court Number 20-00035 are dismissed), and denied in part (claims 1(a) and 1(c) in Court Numbers 19-00204 and 19-00210 remain); and it is further

**ORDERED** that Defendant-Intervenor's Motion to Dismiss, ECF No. 66, is granted in part (claims 1(b) in Court Numbers 19-00204 and 19-00210 and claims 1(a), 1(c), and claims 2 through 9 in Court Number 20-00035 are dismissed), and is denied in part (claims 1(a) and 1(c) in Court Numbers 19-00204 and 19-00210 remain); and it is further

**ORDERED** that claim 1(b) in Court Number 20-00035 has been resolved on its merits by the CAFC and is dismissed; and it is further

**ORDERED** that because all claims in Court Number 20-00035 have been resolved by this Opinion, Court Number 20-00035 is dismissed and is removed from Consolidated Court Number 19-00204.  Judgment will be entered accordingly; and it is further

**ORDERED** that this case shall proceed in accordance with the schedule set in the Court's March 30, 2023 Order, ECF No. 90, as follows:

1. Amended 56.2 motions, if any, shall be filed on or before May 30, 2023;

2. Response briefs to motions for judgment upon the agency record shall be filed on or before June 29, 2023;

3. Reply briefs shall be filed on or before August 14, 2023;

4. The joint appendix shall be filed on or before August 28, 2023; and

5. Motions for oral argument, if any, shall be filed on or before September 5, 2023.

                                                /s/ Jennifer Choe-Groves
                                                Jennifer Choe-Groves, Judge

Dated: May 1, 2023
       New York, New York